11 KIRBY, Judge.
Plaintiffs-Appellants, Thelma Zacarias-Ramirez, Alfonso Ramirez and Guadalupe Ramirez, appeal the granting of a Motion for Summary Judgment in favor of Defendant-Appellee, St. Paul Fire and Marine Insurance Company.

STATEMENT OF THE FACTS

This suit seeks compensation for damages sustained by the foreclosure and consequent loss of two pieces of improved real estate managed by Defendants. Plaintiffs are residents of El Salvador who purchased real estate through, Dora Patricia Roberts, wife of/ and William H. Roberts, and Bill Roberts and Associates (hereinafter collectively referred to as the “Roberts”), who are real estate brokers/agents and Co-Defendants. Following the purchases, the Roberts were entrusted with the management of the properties, and admittedly managed the properties for many years before they were foreclosed upon due to nonpayment of the mortgages by the Roberts. The Roberts admittedly concealed their nonpayment of the mortgages from Plaintiffs. It is undisputed that the failure to make | ^mortgage payments led to the foreclosures which occurred between 1987 and 1990.
Defendant-Appellee, St. Paul Fire and Marine Insurance Company [“St. Paul’s”] is the errors and omissions carrier for the Roberts, Defendants. St. Paul’s coverage was arranged through the Louisiana Real Estate Commission. The Commission’s records reflect that Defendants obtained coverage for each and every year that coverage was available, and for as far back as commission records are available. Unfortunately, the state records are not available for years prior to 1991.[1]
*1133 In 1995 St. Paul issued a “claims-made” policy covering errors and omissions of the Roberts’ real estate business. This policy was renewed each year through 1998. As is typical among claims-made policies, the St. Paul policy had a retroactive date, which limits the insurer’s exposure for any wrongful act arising prior to that date. The retroactive date in this policy, as in most, was the date coverage began under any claims-made policy held by the insured. Under these facts, that would be the date when errors and omissions coverage commenced with the Louisiana Real Estate Commission. In the record there is a receipt dated 12-9-89 from the Louisiana Real Estate Commission in favor of Mr. Roberts for error and omissions coverage. The second sheriffs sale occurred in 1990.
The Motion for Summary Judgment was argued before the trial court on March 3, 2000. When advised that the issue of pri- or insurance coverage during the Lyear 1990 was in dispute based upon an admission by Defendant Roberts, the trial court stated that an admission by the opponent was insufficient to constitute a disputed fact for purposes of defeating a motion for summary judgment. The reason given was that the Plaintiffs’ and Defendants’ interests were aligned against the Defendant Insurer’s interest. The trial court rendered a Summary Judgment in favor of the Defendant Insurer, St. Paul’s.

STATEMENT OF THE LAW

Louisiana Code of Civil Procedure Article 966 deals with motions for summary judgment. It was amended in 1997 to more closely parallel the federal court rules dealing with motions for summary judgment. In this case, specifically relevant is Section C, the newly amended section, that dictates how the burden of proof operates:
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
La.C.C.P. art. 966 C(2)
Other relevant law is La. R.S. 37:1466, which requires errors and omissions insurance for all Louisiana Real Estate Commission licensees, such as the Roberts, 1¿Defendants. The purpose of this insurance is to protect members of the public from this type of harm.
In this case St. Paul’s alleged an absence of factual support for the existence of applicable insurance coverage on the Roberts’ behalf. Plaintiffs cited as factual support the admission of the Defendant, Mr. Roberts, that he indeed had errors and omissions coverage, and inserted into the record the previously mentioned receipt, that shows payment of a premium for errors and omissions coverage dated December 1989.
The fact that the receipt is dated December 1989 is significant, because the last sheriffs sale of the Plaintiffs’ property occurred in 1990. The existence of errors and omissions coverage in 1990 by the Louisiana Real Estate Commission would trigger errors and omissions coverage under the St. Paul policy by placing it within *1134 the retroactive date of the St. Paul Policy for errors and omissions coverage.
Given the Defendant’s admission of insurance coverage plus the receipt for payment of premiums, we find that this creates a genuine issue of material fact as to whether or not coverage existed under the St. Paul insurance policy. Given the existence of a genuine issue of material fact, the granting of a Motion for Summary Judgment was not proper.
For these reasons, we reverse the Judgment granting St. Paul’s Motion for Summary Judgment, and remand for further proceedings.
REVERSED AND REMANDED.

. The Louisiana Real Estate Commission's records were subpoenaed in this case, and they were available from 1991-1999.